UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

| | |
|---|---|
| VINCENT DIMODICA, | |
| Petitioner, | |
| v. | Civ. Action No. 00-1272 (KSH) |
| UNITED STATES OF AMERICA, | |
| Respondent. | **OPINION** |

**Katharine S. Hayden, U.S.D.J.**

A federal jury convicted Vincent DiModica ("DiModica" or "petitioner"), of collecting unlawful debts and running an illegal gambling business. He was sentenced to a term of imprisonment of 137 months. DiModica has petitioned the Court to vacate his sentence under 28 U.S.C. § 2255 based on a Sixth Amendment claim of ineffective assistance of counsel.

**BACKGROUND**

On April 5, 1997, DiModica was charged with conspiring to collect unlawful debts in violation of 18 U.S.C. § 1962(d) ("Count 1"), collecting unlawful debts in violation of 18 U.S.C. § 1962(c) ("Count 2"), conducting, financing, managing, supervising, directing, and owning an illegal gambling business in violation of 18 U.S.C. §§ 1955 and 2 ("Count 3"), using a communication facility in aid of racketeering in violation of 18 U.S.C. §§ 1952 and 2 ("Count 4"), and using a communication facility in aid of racketeering in violation of 18 U.S.C. §§ 1952 and 2 ("Count 5"). On July 16, 1997, the jury returned a guilty verdict on Counts 2 and 3. Petitioner filed a motion for a new trial, which the District Court denied on October 6, 1998.

Petitioner was subsequently sentenced to a term of imprisonment of 137 months for Count 2 and 60 months for Count 3, to be served concurrently.

On October 9, 1998, DiModica filed a timely direct appeal, raising five points: (1) he was entitled to a new trial due to substantial prejudice suffered by the testimony of a witness; (2) the prosecutorial abuse required disclosure of all grand jury transcripts and the dismissal of Count 2; (3) the application of U.S.S.G. § 2E2.1 at paragraph 48 with a base offense level of 20 should not have been applied; (4) the two level adjustment pursuant to U.S.S.G. § 3B1.1(c) was inappropriate; and (5) the four point increase in the offense level under the multiple count adjustment U.S.S.G. § 3D1.4 was erroneous. On March 29, 1999, the Third Circuit Court of Appeals affirmed the conviction in a decision without published opinion. United States v. DiModica, 178 F.3d 1281 (3d Cir. 1999).

On September 22, 1999, petitioner filed a motion for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure, a motion to disqualify pursuant to 28 U.S.C. § 455(5), and a motion to remove Assistant United States Attorney Rufolo. Petitioner withdrew his motion to disqualify, and the trial court subsequently denied the two remaining motions on May 23, 2000.

Two days later, petitioner filed a notice of appeal with regard to the denial of the motion for a new trial ("second appeal") to the Third Circuit.

Earlier, on March 17, 2000, petitioner had filed a petition for relief pursuant to 28 U.S.C. § 2255, alleging the following errors by the trial court in its charge to the jury: (1) in the jury charge the trial court directed a verdict in favor of the government, causing the government's burden of proof to be reduced below what is mandated by law; (2) the jury received confusing instructions as to an element of the offense charged, causing the jury to be unable to judge the

evidence in a fair and impartial manner; (3) pertaining to Count 3, the judge failed to charge the jury that they had to find petitioner acted "knowingly;" and (4) the trial court never instructed the jury as to the issue of unanimity in rendering its verdict and the trial court never instructed the jury as to the government's burden to prove the petitioner's guilt beyond a reasonable doubt. Petitioner alleges ineffective assistance of counsel during trial and on direct appeal due to counsel's failure to raise these issues about the charge at trial and on direct appeal.

On October 16, 2000, the district court dismissed the § 2255 petition without prejudice, pending the resolution of the second appeal filed May 25, 2000.

Petitioner withdrew his second appeal, and on April 10, 2002, he moved to reinstate the application under § 2255 asserting the same claims.

On October 25, 2004, petitioner moved to expand the record of his § 2255 habeas petition, requesting the district court to consider a letter from his trial counsel to the trial judge dated October 9, 1997 ("Pedicini letter").

The government responded to the motion to expand the record, submitting that existence of the Pedicini letter supports its arguments, and advised it would not file an opposition. This Court granted the petitioner's motion to expand the record in an order filed June 13, 2005.

## **STANDARDS FOR RELIEF PURSUANT TO § 2255**

Section 2255 of Title 28 of the United States Code provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

Relief under 28 U.S.C. § 2255 is not available to correct errors that could have been raised at trial or on direct appeal. United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993). If a petitioner attempts to raise issues in a § 2255 petition that have not been exhausted at trial or on direct appeal, the petition will be procedurally barred. United States v. Jenkins, 333 F.3d 151, 154–55 (3d Cir. 2003). For a petitioner "to obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 167–68 (1982). "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Id. at 170. The petitioner also must show there is a substantial likelihood, that absent the error, a jury would have acquitted him of the charged offense. Id. at 172.

As petitioner points out, the Supreme Court has carved out an exception for ineffective assistance of counsel claims. Massaro v. United States, 538 U.S. 500 (2003). There the Court held that the procedural default rule was not a statutory or constitutional requirement. Id. at 504. Rather it was a doctrine followed by the courts to promote judicial economy and finality of judgments, and requiring a criminal defendant to bring an ineffective assistance of counsel claim on direct appeal does not promote those objectives. Id. The Court held that "an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." Id. at 504. Thus, albeit this petitioner did not raise these claims on direct appeal, they are not procedurally barred.

Notwithstanding, the government contends that petitioner does not meet the Frady exception to procedural default, nor can he show cause for his failure to litigate his claim at an

4

earlier stage of litigation. The government argues that even if DiModica can establish cause and actual prejudice, collateral relief is still unavailable because the Pedicini letter was submitted several months after the trial and thus cannot qualify as a "contemporaneous objection." The government also argues that the issues raised in the Pedicini letter do not raise the argument that petitioner asserts now.

Petitioner argues that the Pedicini letter proves that his lawyer, who represented him at trial and on direct appeal, did object to the jury instructions at issue in the § 2255 petition at the trial level, and so preserved the objection for appeal. Because counsel did not raise the issue when he filed the appeal, petitioner contends that his representation was constitutionally ineffective. Petitioner further argues that the Pedicini letter demonstrates counsel found error in the jury instructions and abandoned the issue on direct appeal, something petitioner cannot be held responsible for.

The Court is satisfied that <u>Massaro</u> applies so as to permit consideration on the merits. It appears that petitioner has had no opportunity to raise his counsel's failure to object to the complained of jury instructions, because the same attorney represented him at trial and on appeal.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

### **1. Applicable Standards**

It is well established that a court will not grant post-conviction relief on a claim of ineffective assistance of counsel without a twofold showing that first, there were deficiencies in counsel's performance and second, that the deficiencies resulted in substantial prejudice.

Strickland v. Washington, 466 U.S. 668, 687 (1984).  The petitioner must show counsel's representation fell under an objective standard of reasonableness, which is measured under the prevailing professional norms.  Id. at 688.  Furthermore, the petitioner must identify acts or omissions that were not the result of reasonable professional judgment.  Id. at 690.  To show prejudice the petitioner must show there is a reasonable probability that, absent the errors, the fact finder would have had a reasonable doubt respecting the petitioner's guilt.  Id. at 694.

**2.  Petitioner's Claimed Grounds for Relief**

Examining petitioner's claims in order:

**a.  The Trial Court Erred in Directing a Verdict in Favor of the Government as to Counts Two and Three**

Petitioner asserts that the jury instructions given by the trial judge directed a verdict of guilty, and his attorney's failure to object was constitutionally deficient.  He complains about the following portion of the charge:

> It's enough that the proofs show that the defendant conducted the affairs of the enterprise through the collection of an unlawful debt that was incurred in an illegal gambling activity or was unenforceable usurious debt and I'll explain those terms later.  The term "and" should be read as the term "or."

Tr. of Proceedings at 772:15–20.  Put in context, these instructions follow this paragraph:

> When you read the indictment, you'll notice the word "and," a-n-d, may be used between other words and we call those other words charging words in the indictment.  I specifically instruct you that it's sufficient that the defendant did one of the acts charged.  In other words, you should read the word "and" as being the disjunctive "or."

Tr. of Proceedings at 772:9–14.

The Third Circuit has held that "an offense may be charged conjunctively in an indictment where a statute denounces the offense disjunctively.  Upon the trial the government may prove and the trial judge may instruct in the disjunctive form used in the statute."  United

6

States v. Murph, 707 F.2d 895, 896–97 (6th Cir. 1983) (citing United States v. Niederberger, 580 F.2d 63, 68 (3d Cir. 1978)).

It is established that "a particular jury instruction may not be judged 'in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." Flamer v. Delaware, 68 F.3d 736, 752 (3d Cir. 1995) (quoting Estelle v. McGuire, 502 U.S. 62, 72 (1991)). The jury charge, when read as a whole, neither impresses upon the jury any findings of fact nor deprives the jury of making its own findings of fact. Failure to raise an objection to this jury instruction does not constitute inadequate or prejudicial performance.

**b.  Three Sets of Instructions Under Count Three Were Prejudicial, Constituting Reversible Error**

In claiming his attorney's representation was deficient because of a failure to object to "confusing" jury instructions, petitioner focuses on what he characterizes as three "sets" of impermissibly confusing instructions regarding the charges in Count 3. He asserts that (1) the first set omitted an essential element of the offense; (2) the second set then gave complete instructions pertaining to the offense; and (3) the third set again gave incorrect instructions pertaining to Count 3.

A review of the complete transcript reveals that petitioner's argument is without merit. His designated first set of instructions actually relates to Count One of the indictment, as opposed to Count Three, and the other two "sets" of instructions relating to Count Three are neither contradictory nor confusing.

Petitioner's designated first "set" of instructions, which relates to Count One (conspiracy to collect unlawful debts), reads:

> Section 2C:37-2 provides, in part, that a person is guilty of promoting gambling when he knowingly accepts or receives money or other property pursuant to an agreement or understanding with any person, whereby he

participates or will participate in the proceeds of gambling activities or engages in conduct which materially aids any form of gambling activity.

Section 2C:37-3, provides in part, that a person is guilty of possession of gambling records when he possesses any writing or paper commonly used in the operation or promotion of a bookmaking enterprise with knowledge of the contents of such record.

The United States must prove beyond a reasonable doubt that the gambling business alleged was conducted in violation of one or more of these laws. For the purposes of the [sic] establishing the debt was an unlawful gambling debt, the United States need not prove the defendant's conduct violated one of these laws. Indeed, the United States need only prove beyond a reasonable doubt that the gambling business itself was in violation of these laws.

Tr. of Proceedings at 804:4–22.

The designated second "set" of instructions correctly identifies the five elements of the crime charged in Count Three (conducting an illegal gambling business):

In order for the Government to sustain its burden of proof for the crime of conducting an illegal gambling business, it must prove the following four essential elements beyond a reasonable doubt: First, that a gambling business was conducted in violation of the laws of the State of New York; second, that five or more persons, including the defendant, knowingly and deliberately conducted, financed, managed, supervised, directed or owned all or part of that gambling business; third, that the gambling business was in either substantially continuous operation for a period in excess of 30 days or, alternatively, the gambling business on at least one day had a gross revenue of $2,000 or more; fourth, that the defendant acted knowingly and willfully.

If all four of these elements are complete, any one [sic] who participates in such gambling enterprise, anyone who conducts, finances, manages, supervises, directs or owns all or part of that operation commits a substantive violation of Section 1955.

Tr. of Proceedings at 811:1–17.

And the designated third "set" of instructions defines certain terms relevant to Count Three:

Bookmaking means advancing gambling activity by unlawfully accepting bets from members of the public as a business rather than in a casual or personal fashion, upon the outcomes of future contingent events.

8

> Unlawful means not specifically authorized by law.
>
> Under count three, as in the unlawful gambling debt aspects of counts one and two, the United States must prove beyond a reasonable doubt that the gambling business alleged was conducted in violation of one or more of these state laws.
>
> For the purposes of this element, the United States need not prove the defendant's conduct violated one of the laws, instead the United States need only prove beyond a reasonable doubt that the gambling business itself was in violation of one of these laws.

Tr. of Proceedings at 816:2–15.

The foregoing does not support petitioner's contention that the trial court erred in providing three sets of confusing and contradictory instructions relating to Count Three. Petitioner's reliance on the first "set" is misplaced because the complained of instructions relate to Count One, not Count Three.  The second "set" simply identifies the essential elements of the charge of conducting an illegal gambling business in violation of 18 U.S.C. § 1955.  The final objected-to instructions define "bookmaking," "unlawful," and the reasonable doubt standard. Examined in its entirety, these instructions are neither erroneous nor confusing.  Moreover, these instructions properly defined for the jury certain concepts and legal elements—they do not amount to three separate and confusing instructions on the elements of Count 3.  Petitioner's arguments on this point are without merit.

### c.  The Trial Court Erred By Omitting an Essential Element of Count Three

Petitioner contends that he received ineffective assistance of counsel because his attorney failed to object to the trial court's omission of an essential element of Count 3.  Specifically, petitioner argues that the court failed to instruct the jury that defendant acted knowingly. Petitioner also argues that the court failed to instruct that the government had to prove the guilt of the acts charged in Count 3 beyond a reasonable doubt.

The trial court instructed the jury as follows:

> In order for the Government to sustain its burden of proof for the crime of conducting an illegal gambling business, it must prove the following four essential elements <u>beyond a reasonable doubt</u>: first, that a gambling business was conducted in violation of the laws of the State of New York; second, that five or more persons, including the defendant, <u>knowingly and deliberately</u> conducted, financed, managed, supervised, directed or owned all or part of that gambling business; third, that the gambling business was in either substantially continuous operation for a period in excess of 30 days or, alternatively, the gambling business on at least one day had a gross revenue of $2,000 or more; <u>fourth, that the defendant acted knowingly and willfully</u>.

Tr. of Proceedings at 811:1–13 (emphasis added). Elsewhere, the trial court instructed that "to find the defendant guilty, you must find with regard to each count of the indictment that the Government has proven the defendant <u>knowingly and willfully violated the law</u>." Tr. of Proceedings at 780:21–24 (emphasis added).

These instructions charge the elements required by 18 U.S.C. § 1955 as specifically laid out by the Third Circuit in <u>United States v. Conley</u>, 37 F.3d 970, 977 (3d Cir. 1994), and unambiguously tell the jurors that they must find that the accused's conduct was knowing and willful. And directly up front, before setting forth the elements, the trial court instructs that the government's burden is proof "beyond a reasonable doubt."

Petitioner's claims regarding the "omission" of scienter and the government's burden of proof are without merit.

### d. The Trial Court Erred by Failing to Provide Both Unanimity Instructions and the Government's Burden as to Reasonable Doubt

Petitioner contends that he was denied effective assistance of counsel because his attorney failed to object to the trial court's failure to provide jury instructions pertaining to unanimity and reasonable doubt.

**i.  Unanimity Instructions**

> On the issue of unanimity, the trial judge instructed as follows:
>
> [W]ith respect to your verdicts, whatever they may be, <u>they must be unanimous</u> and they must represent the considered judgment of each of you.  In order to return a verdict with regard to each of these counts, <u>it's necessary that each of you agree</u>.  <u>I again stress that each verdict on each count must be unanimous</u>.

Tr. of Proceedings at 819:20–25 (emphasis added).  The transcript also indicates that at other times during the instructions, the unanimity requirement for conviction on each count of the indictment was set forth.  Tr. of Proceedings at 808:23–24 ("all 12 of you who deliberate must agree on which of the four unlawful debts it is, if you find the defendant collected any unlawful debt"); 808:25–09:1 ("There must be unanimous agreement as to the particular debt"); 821:14–15 ("I again stress that whatever your verdicts may be in this case, they must be unanimous with regard to each count").

The trial court instructed the jury at least four times that it must reach a unanimous decision and also stressed that the jurors must all agree on the factual bases necessary to reach a guilty verdict (i.e., the specific debts that were unlawful).  For this reason, petitioner's claim that he received ineffective assistance of counsel because his attorney failed to object to the omission of the unanimity requirement is without merit.

**ii.  Reasonable Doubt Instructions**

Petitioner contends that the "trial court failed to give any instructions on the government's burden of proving each element beyond a reasonable doubt . . . ."  (Amended § 2255 Pet. at 28.)  A review of the trial transcript shows that petitioner is plainly mistaken.  The trial court's jury instructions, when read as a whole and not in isolation, consistently and repeatedly reminded the jury that each element of each offense needed to be proven by the government beyond a reasonable doubt.  Tr. of the Proceedings at 786:3–4 ("which the

11

Government must prove beyond a reasonable doubt"); 796:11–13 ("Each of these must be proven beyond a reasonable doubt and that's the burden that the Government carries in this case, proof beyond a reasonable doubt"): 798:22–99:1 ("you also must determine whether the Government has proved beyond a reasonable doubt that the enterprise continued an essentially unchanged form during substantially the entire period charged in the indictment"); 800:15–19 ("the Government must prove beyond a reasonable doubt the defendant was connected to the northern New Jersey faction of the Gambino crime family in some meaningful way and was aware of the general nature of its activities"); 804:20–22 ("the United States need only prove beyond a reasonable doubt that the gambling business itself was in violation of these laws"); 805:21 ("if you find beyond a reasonable doubt"); 806:20-21 ("the Government must prove four elements beyond a reasonable doubt"); 808:17–20 ("you need only find that the defendant collected a single unlawful debt in order to find the defendant guilty of count two as long as all other elements have been proved beyond a reasonable doubt"); 811:3–4 ("it must prove the following four essential elements beyond a reasonable doubt"); 812:10–13 ("The Government must prove beyond a reasonable doubt that five or more persons either conducted, financed, managed, supervised, directed or owned all or part of an illegal gambling business"); 814:14–16 ("One of the elements the Government must prove beyond a reasonable doubt in count three is that a gambling business was conducted that violated the laws of the State of New York"); 816:13–15 ("the United States need only prove beyond a reasonable doubt that the gambling business itself was in violation of one of these laws"); 817:17–18 ("the Government must prove the following five elements beyond a reasonable doubt"); 818:21 ("The Government must prove beyond a reasonable doubt that the defendant used the mails or a telephone or any facility in interstate commerce"). Petitioner's claims on this point are without merit.

**CONLUSION**

  Petitioner's entire motion under 28 U.S.C. § 2255 to vacate his sentence due to a violation of his Sixth Amendment right to ineffective assistance of counsel rests upon the premise that counsel failed to object to insufficient and/or erroneous jury instructions.  A review of the instructions establishes that petitioner's challenges to the instructions are without merit.  His attorney's decision not to object was not an example of deficient representation, and comports with proper advocacy informed by counsel's understanding of the law.  The Court denies the petition and declines to issue a certificate of appealability because petitioner has failed to make a substantial showing of a denial of a constitutional right.  An appropriate order follows.

Dated: July 31, 2007         /s/ Katharine S. Hayden

                 Katharine S. Hayden, U.S.D.J.